IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
ENTERED

MAR -8 2005

DARNELL ALONZO PAGE,      §
TDCJ-CID #1135214,      §

Michael N. Milby, Clerk of Court

               §
       Plaintiff,      §
               §

v.                §      CIVIL ACTION NO. H-02-3416
               §

TOMMY THOMAS, *et al.*,      §
               §

       Defendants.      §

## MEMORANDUM AND ORDER OF DISMISSAL

Plaintiff Darnell Alonzo Page is a state inmate in custody of the Texas Department

of Criminal Justice – Correctional Institutions Division (TDCJ). He brings this action

under 42 U.S.C. § 1983, alleging violations of his civil rights. Plaintiff is *pro se* and has

received permission to proceed *in forma pauperis*. After reviewing all of the pleadings as

required by 28 U.S.C. § 1915A(a), the Court dismisses plaintiff's claims for reasons that

follow.

### I.  Background and Claims

Plaintiff claims that in late July of 2000, he was transported from a correctional

facility in Florida to the Harris County Sheriff's Department in Houston, Texas. He

complains that because he was not provided with proof of a valid extradition, the transport

constituted kidnaping at gunpoint across state lines. He further claims that the

transportation company endangered his life by then releasing him on the streets of Houston

at 2:30 a.m. in prison clothes, without identification, money, or property. According to

plaintiff, the false conviction for which he is currently incarcerated was created to justify these wrongful actions.

## II. Analysis

The complaint in this case is governed by the Prison Litigation Reform Act (the "PLRA"). Because the plaintiff is an inmate who proceeds *in forma pauperis*, the PLRA requires that the district court scrutinize the basis of the complaint and, if appropriate, dismiss the case at any time if the court determines that the complaint (i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune. 28 U.S.C. § 1915(e)(2)(B); *see also* 42 U.S.C. § 1997e(c) and 28 U.S.C. § 1915A(b). In conducting that analysis, an inmate's *pro se* pleadings are reviewed under a less stringent standard than those drafted by attorneys, and are entitled to a liberal construction that includes all reasonable inferences which can be drawn from them. *Haines v. Kerner*, 404 U.S. 519 (1972).

A complaint may be dismissed as frivolous if it lacks an arguable basis in law or in fact. A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as violation of a legal interest which does not exist. *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). Courts must assume that a plaintiff's factual allegations are true, and a dismissal is proper only if it appears that no relief could be granted under any set of facts what could be proven consistent with the allegations. *Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir. 2002).

2

## A.    Statute of Limitations

Plaintiff's complaint arises from events that occurred in July, 2002.  Civil rights claims brought under 42 U.S.C. § 1983 are governed by the two-year statute of limitations provided for by Texas state law. *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001); TEX. CIV. PRACT. & REM. CODE ANN. § 16.003(a).  This means that once the above-referenced claims accrued, the plaintiff had two years to file a civil rights complaint concerning these allegations. *See Gonzales v. Wyatt*, 157 F.3d 1016, 1020 (5th Cir. 1998) (noting that a cause of action accrues, for purposes of the two-year statute of limitations, when the plaintiff knows or has reason to know of the injury which is the basis of the action).

Plaintiff's complaint was signed on August 28, 2002, which is outside the two-year limitations period for the July, 2000 events made the basis of plaintiff's lawsuit, and is barred by limitations.  Claims that are plainly barred by the applicable statute of limitations are subject to dismissal as frivolous under 28 U.S.C. § 1915(e)(2)(B). *See Gartell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993).  Because plaintiff clearly waited more than two years to file suit from the time these claims accrued, the above-referenced claims are barred by limitations, and are dismissed with prejudice.

## B.    *Heck v. Humphries*

Liberally construed, plaintiff's complaint appears also to seek monetary damages in connection with his criminal proceedings and conviction for which he is currently imprisoned.  An inmate may not maintain a civil rights action for monetary damages based

3

on the legality of his confinement unless an authorized state tribunal or federal habeas court has determined that the terms of confinement or the conviction are in fact invalid. *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). Plaintiff does not show that his underlying criminal conviction has been overturned or otherwise invalidated. Because the rule in *Heck* bars any claims by plaintiff regarding his allegations of false criminal proceedings and conviction, his claim must be dismissed with prejudice at this time. *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996) (holding that claims barred by *Heck* are dismissed with prejudice until such time as the *Heck* conditions are met).

### III.  Conclusion

Based on the foregoing, this complaint is **DISMISSED** with prejudice.

The Clerk will provide a copy of this order to the parties.

Signed at Houston, Texas, on this the 28th day of _February_, 2005.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE